RICHARD S. VAN WYCK, RESPONDENT, v. LOUISA M. BAKER AND EMILE BENEVILLE, APPELLANTS.

*Fraudulent conveyance — remedy of creditor — power of court to direct a sale by its officers of real estate fraudulently conveyed.*

The Supreme Court has no power to effect a transfer of the title to land by directing a sale thereof by its officers, except in special cases authorized by the statutes of the State.

In suits by creditors to reach lands conveyed with intent to defraud them, the decree should set aside the fraudulent conveyance and permit the creditor to issue an execution and sell thereunder, or compel the debtor to convey to a receiver, and order the latter to sell.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

The action was brought by a judgment creditor of the defendant Louisa M. Baker, to set aside, as fraudulent, a conveyance of certain real estate from her to the defendant Emile Beneville.

The court found that for some years prior to the conveyance the defendant Baker was indebted to the defendant Beneville in the sum of $1,015, with interest on portions thereof, from different times; that the conveyance was executed with the intent to hinder, delay and defraud creditors, and adjudged that the deed was fraudulent and should be canceled; that the premises should be sold by the sheriff of Westchester county; that from the proceeds of sale there be paid to the defendant Beneville the amount due to him; that from the balance of said proceeds there should be paid to the plain-

tiff the amount of his debt, and any balance remaining should be paid to the judgment debtor.

*Israel Minor, Jr.*, for the appellants.

*John Gibney*, for the respondent.

GILBERT, J. :

The judgment is erroneous in ordering a sale of the real estate without providing for a conveyance by the judgment debtor, and in directing the balance of the proceeds, after paying the plaintiff and Beneville, to be paid to the judgment debtor. The court has no power to effect a transfer of title to lands in that way, except in special cases authorized by statute, such as mortgage and partition cases, sales of infants' lands, ordinary execution sales and the like. In suits by creditors to reach lands conveyed with intent to defraud them, the proper decree is to set aside the fraudulent conveyance, and permit the creditor to issue an execution, and sell under that, or compel the debtor to convey to a receiver, and order the latter to sell. The fraudulent deed being annulled, the title remains in the debtor, and can be passed only by her deed. (*Jackson* v. *Edwards*, 7 Paige, 404; *Bank* v. *White*, 2 Seld., 236; *Bank* v. *Risley*, 19 N. Y., 369.) The deed from the judgment debtor to Beneville, if fraudulent, was not void, but voidable only at the election of creditors. It was valid between the parties to it. The defendant Beneville, in any view of the case, therefore, would be entitled to all that might remain of the land or the proceeds thereof, after satisfying the claim of the plaintiff. We might modify the judgment in the particulars referred to, but we are not satisfied that the evidence is sufficient to warrant a decree annulling the deed on the ground of the fraud upon creditors alleged.

The judgment, therefore, will be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., concurred.    DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.